**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **CHAUNCY DENNIS**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**MEDICAIN GROUP, LLC**, *et al.*,<br><br>Defendants. | Case No. 25-cv-2331 (CRC) |

**MEMORANDUM OPINION**

Plaintiffs Chauncy Dennis and his company, We Don't Do Normal, LLC ("We Don't Do Normal"), filed this *pro se* lawsuit against Defendants Medicain Group, LLC ("Medicain") and Garment District Holdings, LLC ("Garment District Holdings").[1]  The complaint raises a litany of claims related to purportedly faulty lease agreements between the parties.  But the leased property is located in California, Defendants are based in California, and the events underlying the complaint took place in California.  And while Mr. Dennis "maintained a D.C. address for filing," the evidence before the Court suggests that he too is a California citizen.  Garment District Holdings now moves to dismiss the complaint, asserting (among other things) that the Court lacks subject matter jurisdiction over the complaint because the parties are not completely

---

[1] As the parties explain in their briefing, there is some confusion as to whether the name of Dennis's company is "We Don't Do Normal, LLC" or "We Do Not Do Normal, Inc."  See Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss at 3 (noting that the entity "is inconsistently named in the Complaint"); Mot. for Leave to File First Am. Compl. at 3 (correcting the company name to "We Don't Do Normal Inc.").  Similarly, "Medicain Group LLC" is at times spelled as "Medican Group LLC."  See Mot. for Leave to File First Am. Compl. at 3 (clarifying that the correct name is "Medican Group LLC").  For the sake of clarity, the Court uses the party names listed on the docket.

diverse. Concurring, the Court will grant Garment District Holdings' motion and dismiss the case.

## I.     Background

The Court draws the following background facts from the complaint and takes them as true for purposes of this motion. See Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). In September 2022, Dennis and We Don't Do Normal leased commercial space in a building in Los Angeles, California from Garment District Holdings (the landlord) and Medicain (the sublessor). Compl. at 1. The complaint alleges that the building was "legally not habitable" overnight, causing city fire marshals to repeatedly force Dennis to "[s]hut down" certain unspecified business operations during evening hours. Id. at 1–2. Dennis asked Defendants to refund the rent he paid on the "unlawful residential building passed on as a commercial [] building," but they did not oblige. Id. at 2. A similar pattern of events transpired after Dennis leased a second unit from Defendants in February 2024, according to the complaint. Id. It asserts that on both occasions, Garment District Holdings and Medicain "failed to disclose zoning and occupancy defects," "[a]ccepted rent for illegal [t]enancy," and "coordinated [Dennis's] eviction" from the properties. Id. at 3–4. Dennis accuses Defendants of fraud, negligence, civil conspiracy, constructive eviction, unjust enrichment, and abuse of process. See id. at 1–4. He seeks $4 million in damages. Id. at 4.

Dennis filed this *pro se* lawsuit in July 2025.[2] He simultaneously filed a "Notice of Removal" of an unlawful detainer proceeding from the Superior Court of California.[3] Defendants did not timely respond to either filing, so the Clerk of the Court entered default against each of them. See Clerk's Entry of Default (ECF No. 14) (Medicain); Clerk's Entry of Default (ECF No. 15) (Garment District Holdings). After Garment District Holdings' counsel entered an appearance and detailed its previous attempts to move for dismissal, the Court vacated the entry of default for good cause. See Dec. 15, 2025 Min. Order (citing Fed. R. Civ. P. 55(c)). Garment District Holdings then moved to dismiss the complaint, asserting that (1) Dennis failed to establish subject matter jurisdiction, see Fed. R. Civ. P. 12(b)(1); (2) the Court lacked personal jurisdiction over Garment District Holdings, see Fed. R. Civ. P. 12(b)(2); (3) the complaint and summons were defective, see Fed. R. Civ. P. 12(b)(4); and (4) Dennis failed to properly serve Garment District Holdings, see Fed. R. Civ. P. 12(b)(5). Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss ("Mot. to Dismiss") at 3–5. Dennis responded thrice over with an opposition to the motion to dismiss, a motion to strike declarations attached to Garment District Holdings' motion to dismiss, and a motion for leave to file an amended complaint. See Pl.'s Opp'n to Def.'s Mot. to Dismiss and Mot. to Set Aside Default ("Opp'n"); Pl.'s Mot. to Strike Def.'s

---

[2] We Don't Do Normal is also named as a plaintiff in the complaint. However, it is well-established that an artificial entity may not proceed in federal court without counsel. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993); 28 U.S.C. § 1654. Because We Don't Do Normal is not represented by counsel, the Court will dismiss its claims against Defendants, and address only the claims brought by Dennis in his individual capacity. See Prunte v. Universal Music Grp., 484 F. Supp. 2d 32, 37–38 (D.D.C. 2007). Regardless, the Court's disposition is unaffected by We Don't Do Normal's participation in the case.

[3] The Court previously explained that Dennis "ha[d] not removed any state court proceeding to this Court," and even if he had, "the proper venue for removal would be the United States District Court for the Central District of California." Dec. 5, 2025 Min. Order (citing 28 U.S.C. § 1441).

Decls.; Mot. for Leave to File First Am. Compl. ("Mot. to Amend").  He later moved for default

judgment against Medicain.  See Pl.'s Mot. for Default J. Against Medicain Group LLC.  The

motion to dismiss is ripe for adjudication.

## II.   Legal Standards

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction.  See

Fed. R. Civ. P. 12(b)(1).  If the Court lacks subject matter jurisdiction, it must dismiss the case.

See Fed. R. Civ. P. 12(h)(3); Dentons U.S. LLP v. The Republic of Guinea, 134 F. Supp. 3d 5, 7

(D.D.C. 2015) ("[I]t is a well-established principle that jurisdiction of the subject matter is an

absolute prerequisite for the continuance of an action in the District Court and in the absence of

the same the Court must dismiss the action." (citation omitted)).  Dismissal is required even

when a defendant is in default.  See Masoud v. Suliman, 816 F. Supp. 2d 77, 79 (D.D.C. 2011)

(dismissing the case for lack of subject matter jurisdiction while the defendants' motion to vacate

default was pending).  The plaintiff bears the burden of establishing the Court's jurisdiction.  See

Arpaio v. Obama, 797 F.3d 11, 19 (D.C. Cir. 2015).

When assessing whether it has subject matter jurisdiction, the Court must "accept all of

the factual allegations in [the] complaint as true."  United States v. Gaubert, 499 U.S. 315, 327

(1991) (citation omitted).  It is also "well-settled that [a court] may consider materials outside the

pleadings to determine [its] jurisdiction."  Jibril v. Mayorkas, 101 F.4th 857, 866 (D.C. Cir.

2024) (alterations in original) (citation omitted); see also Haase v. Sessions, 835 F.2d 902, 906

(D.C. Cir. 1987).  "When the defendant has . . . challenged the factual basis of the court's

jurisdiction, the court may not deny the motion to dismiss merely by assuming the truth of the

facts alleged by the plaintiff and disputed by the defendant."  Phoenix Consulting Inc. v.

Republic of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000).  Rather, the court "must go beyond the

pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." Id.

The court must also "construe *pro se* filings liberally," Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999), and a *pro se* plaintiff's complaint "is held to a less stringent standard than formal pleadings drafted by lawyers," Redwood v. Council of D.C., 679 F.2d 931, 933 (D.C. Cir. 1982) (citation omitted).  Still, a *pro se* litigant "cannot generally be permitted to shift the burden of litigating his case to the courts, nor to avoid the risks of failure that attend his decision to forgo expert assistance." Dozier v. Ford Motor Co., 702 F.2d 1189, 1194 (D.C. Cir. 1983).  And the less stringent standard applied to *pro se* plaintiffs "does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure." Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993) (citation omitted); see also Fontaine v. JPMorgan Chase Bank, N.A., 42 F. Supp. 3d 102, 106 (D.D.C. 2014) ("[E]ven a pro se plaintiff must meet his burden of proving that the Court has subject matter jurisdiction over the claims[.]").

## III.  Analysis

"Federal courts are courts of limited jurisdiction, possessing only those powers authorized by the Constitution and an act of Congress." SCPS, LLC v. Kind L., 770 F. Supp. 3d 11, 23 (D.D.C. 2025).  Congress has provided that federal district courts have original jurisdiction over civil actions based on either federal-question jurisdiction or diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332.

Start with federal-question jurisdiction, which includes civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of

the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citation omitted). Here, Dennis's complaint alleges that Defendants engaged in "constructive eviction," which it describes as a "[v]iolation of Due Process." Compl. at 2–3 (citing 42 U.S.C. § 1983). But this passing reference to federal law does not establish federal-question jurisdiction. The Court first notes that Dennis has moved to voluntarily withdraw the § 1983 claim, as he seeks to "moor[] jurisdiction squarely in diversity [jurisdiction] under 28 U.S.C. § 1332." Mot. to Amend at 3. Moreover, the mere invocation of a federal statute does not conjure federal-question jurisdiction if the claim is "immaterial and made solely for the purpose of obtaining jurisdiction or . . . wholly insubstantial and frivolous." Herero People's Reparations Corp. v. Deutsche Bank, A.G., 370 F.3d 1192, 1194 (D.C. Cir. 2004) (alteration in original) (citation omitted). Here, Dennis's § 1983 claim is frivolous, as the complaint appears to concern a run-of-the-mill landlord-tenant dispute with no state action or involvement apart from the routine enforcement of local zoning regulations. See Williams v. United States, 396 F.3d 412, 414 (D.C. Cir. 2005) ("In cases under section 1983, circuit courts looking at whether defendants have acted 'under color of' state law have . . . focused on whether these defendants are state officials or have conspired with state officials in committing the alleged illegal acts."). Because the Court does not have federal-question jurisdiction over the case—and Dennis does not suggest otherwise—the Court turns next to diversity jurisdiction.

Federal district courts have diversity jurisdiction over a claim if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity must be "complete," meaning federal diversity jurisdiction is "lacking if there are any litigants from the same state on opposing sides." Saadeh v. Farouki, 107 F.3d 52, 55 (D.C. Cir. 1997) (citation omitted). "An

individual has citizenship in a state for diversity purposes if he is an American citizen and is domiciled in the state." CostCommand, LLC v. WH Adm'rs, Inc., 820 F.3d 19, 21 (D.C. Cir. 2016). Domicile is determined by two factors: "physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." Prakash v. American Univ., 727 F.2d 1174, 1180 (D.C. Cir. 1984). An individual has one domicile, and that domicile "continues until a new one . . . is acquired." Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989); see also Monbo v. Upper Chesapeake Med. Ctr., Inc., No. 23-cv-2471 (BAH), 2024 WL 3202221, at *7 n.8 (D.D.C. June 27, 2024). The party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each party to the action. See Novak v. Cap. Mgmt. and Dev. Corp., 452 F.3d 902, 906 (D.C. Cir. 2006).

Garment District Holdings asserts that the parties are not diverse. There is no dispute that Garment District Holdings is a "citizen" of California. Mot. to Dismiss at 3–4 (noting that Garment District Holdings is "a California limited liability company"); Notice of Clarification and Correction of Master Exhibit Index, Ex. G-2 (ECF No. 36-3) (stating that Garment District Holdings' sole member has an address in California); Laroach v. BridgePoint Healthcare, LLC, No. 18-cv-1096 (CRC), 2018 WL 6434768, at *1 (D.D.C. Dec. 7, 2018) ("For purposes of diversity jurisdiction, an LLC is deemed a citizen of the jurisdiction of its members." (citation and internal quotation marks omitted)). There is also evidence before the Court that Dennis is a California citizen as well. See, e.g., Compl. at 1–2 (alleging that Dennis and We Don't Do Normal had a lease for a "potentially unlawful illegal space" in Los Angeles and were "forced by handcuffs to [s]hut down"); Pl.'s Notice of Updated Address and Request for Paper Serv. at 1 (listing Dennis's address "for all service of process" in Los Angeles). Nevertheless, Dennis

insists that because he "resides" in the District of Columbia, "diversity jurisdiction [is] made." Compl. at 1.

Dennis has not carried his burden of showing that the parties are completely diverse. First, while the complaint states that Dennis "resides" in D.C., id., Dennis's opposition brief states that he only "maintained a D.C. address for filing," Opp'n at 4; see Naegele v. Albers, 355 F. Supp. 2d 129, 134 (D.D.C. 2005) ("[A] mere allegation of residence in a state is not an assertion of citizenship therein."). Second, declarations from two of Dennis's acquaintances, attached to his motion for leave to amend the complaint, indicate that he does not intend to remain in the District of Columbia. One states that Dennis's filing address in D.C. is a motel, and the declarant notes that he assisted Dennis with transportation and lodging "related to his stay." Declaration of Vernon Proyer (ECF No. 34-7) ¶¶ 4–6. The other declarant attests that he has known Dennis since 2019, "*when* [Dennis] was in Washington, D.C. hosting an event." Declaration of Robert King (ECF No. 34-7) ¶ 2 (emphasis added). The declarant further notes that "*whenever* [Dennis] is in Washington, D.C.," Dennis informs the declarant "*when* [Dennis] is in town and where he is staying." Id. ¶ 3 (emphasis added). In short, Dennis's sporadic visits to the District of Columbia, during which he apparently stays at a motel, do not establish that he is a D.C. "citizen." See Martinez v. Bynum, 461 U.S. 321, 331 (1983) ("In general, the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." (citation omitted)).

Because Dennis has not provided sufficient evidence that the parties are completely diverse, the Court lacks subject matter jurisdiction and must dismiss the complaint. See Terry v. Dewine, 75 F. Supp. 3d 512, 517 (D.D.C. 2014) (dismissing claims against defendants who moved to dismiss the complaint and a defendant who had failed to appear because the court

lacked jurisdiction); Attias v. Carefirst, Inc., 865 F.3d 620, 624 (D.C. Cir. 2017) ("When a court

lacks subject-matter jurisdiction, it has no authority to address the dispute presented.").[4]

### IV.   Conclusion

For the foregoing reasons, the Court will grant Garment District Holdings' Motion to

Dismiss.  A separate Order shall accompany this memorandum opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date:  July 13, 2026

---

[4] The Court will deny Dennis's motion to strike Garment District Holdings' declarations and motion for default judgment against Medicain as moot.  It will also deny Dennis's motion for leave to amend the complaint.  Granting Dennis leave to amend would be futile because the proposed amended complaint does not cure the jurisdictional defects described above.  See Vogel v. Go Daddy Grp., Inc., 266 F. Supp. 3d 234, 235 (D.D.C. 2017) (denying plaintiff leave to amend because his proposed amended complaint did not plausibly establish subject matter jurisdiction).